■ In the Matter of ARTHUR ZAKS et al., Appellants, v DANIEL KLEPAK, as Commissioner of New York State Office of Drug Abuse Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 8, 1977 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking its approval for petitioners to operate a private methadone treatment facility and directing that the facility cease operation. Although Special Term correctly concluded that respondent acted properly in revoking its approval for petitioners to operate their methadone clinic, it erred in concluding that respondent properly directed that said clinic cease operation. The respondent had been granted the power to approve the operation of private methadone treatment facilities (Mental Hygiene Law,§ 81.09, subd [n]; 14 NYCRR Part 2021). It has also the inherent power to set aside such approval. The authority to grant and to revoke licenses to operate a private methadone treatment facility, however, lies within the authority of the Commissioner of Health (Public Health Law, §§ 3352, 3353, 3390, 3391; 10 NYCRR 80.89, 80.94). Judgment modified, on the law, by striking so much thereof as directed petitioners to cease operation of their clinic, and, as so modified, affirmed, without costs. Kane, J. P., Mikoll and Herlihy, JJ., concur; Kane, J. P., concurs in a separate memorandum in

which Herlihy, J., concurs; Main and Larkin, JJ., dissent and vote to affirm on the opinion of Williams, J., at Special Term. Kane, J. (concurring). We agree that respondent may not direct the cessation of petitioners' operations, but the resulting modification of the instant determination should not be construed as sanctioning the continuation thereof. It appears that the Commissioner of Health has since revoked petitioners' certification to administer and dispense controlled substances to addicts (Public Health Law, §§ 3352, 3353) and the withdrawal of respondent's approval, sustained herein, carries with it certain independent limitations on the permissible scope of such operations (see Mental Hygiene Law, § 81.35, subd [a]).